UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS EDLAND,<br><br>Plaintiff,<br><br>v.<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>Defendant. | 4:21-cv-04008-KES<br><br>**BASIN ELECTRIC POWER COOPERATIVE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Edland initiated this lawsuit in retaliation for being terminated by Basin. A termination brought about by his own inappropriate behavior.[1] As pointed out in Basin's opening brief, Edland's Complaint, based on the flimsiest of allegations, is without any merit and his opposition to Basin's motion to dismiss falls well short of establishing otherwise.

First, Edland incorrectly argues that the Court lacks authority to consider facts and information from outside of the pleadings, although he readily acknowledges the court may consider a screen capture of the Copyright Office's website. Next, he incorrectly argues that if the Court does choose to take judicial notice of the information, the motion is necessarily converted to one for summary judgment. Further, he argues that the motion should be denied on the merits – arguments which are equally unavailing, as discussed

---

[1] OSHA dismissed Edland's challenge to his termination in its Findings on March 17, 2021, concluding Edland failed to show his termination was retaliatory.

1

below. In sum, Edland's arguments are unpersuasive and Basin's Motion to Dismiss Edland's Complaint in its entirety should be granted.

### A. Judicial Notice of Basin's Exhibits is Proper and Does not Convert this to Motion for Summary Judgment

As noted in Basin's opening brief, this Court may take judicial notice of public records submitted in support of a motion to dismiss under Rule 12(b)(6). (Doc. 11 at n.2.) The Court's considering of such information and documents does not convert a motion to dismiss into a motion for summary judgment. (*See* Doc. 11 at 6, n.2 (citing *Missouri v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)). Because the information submitted by Basin falls into the category of public records, it is entirely proper for this Court to consider the evidence in ruling on Basin's motion to dismiss.

Many of the cases cited by Edland in support of his argument that the Court cannot consider the exhibits submitted by Basin are either inapplicable to circumstances here and the type of evidence submitted by Basin or actually support Basin's use of the exhibits. For example, in *Porous Media Corp. v. Pall Corp.*, the Eighth Circuit held the district court properly relied on the transcript of a prior lawsuit when granting plaintiff's motion on the pleadings under FED. R. CIV. P. 12(c).[2] 186 F.3d 1077, 1079 (8th Cir. 1999). In the decision, the appellate court notes that while a "court generally must ignore materials outside the pleadings, [] it may consider 'some materials that are part of the public record.'" *Id*. (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d

---

[2] The standard under Rule 12(c) is the same as under Rule 12(b)(6). *Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc.*, 250 F. Supp. 2d 1151, 1153 (W.D. Mo. 2001).

2

1102, 1107 (8th Cir. 1999)). Indeed, in support of the district court's consideration of a transcript from a prior lawsuit between the parties, the *Porous Media* court quoted a well-known treatise on federal procedure, also relied on by the Plaintiff in his brief (*see* Doc. 13 at 5), noting a "court may consider '**matters of public record**, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Id*. (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D at 299) (emphasis added). In *Dunnigan v. Fed. Home Loan Mortg. Corp.*, the court declined to consider, when determining a motion to dismiss, documents and information that were not purported to be of public records, notably, defendant Freddie Mac's User Agreement and Seller/Services Guide and factual assertion of defendant's counsel regarding how the licensed software functioned. 184 F. Supp. 3d 726, 733-35 (D. Minn. 2016). In *Mattes v. ABC Plastics, Inc.*, the court addressed solely the consideration of documents related to the complaint, and not documents of public record. *See* 323 F.3d 695, 697 n.4 (8th Cir. 2003). In *Mattes*, the court held that the district court's consideration of two documents submitted by the plaintiff after the hearing on defendant's motion to dismiss was permissible since the documents were agreements that could be viewed as part of the complaint and that such a review was proper under a motion to dismiss.

The Court's consideration of the exhibits attached to Basin's motion is procedurally proper and does not convert the motion to one for summary judgment. As discussed in Basin's opening brief, under Federal Rules of Evidence 201, a court may take judicial notice of facts that are not subject to reasonable dispute. Further, the court

3

may consider documents that are in the public record.[3] Neither of these calls for the motion to be converted to one for summary judgment.

### B. Plaintiff Fails to Overcome Basin's Rebuttal of Presumption of Validity

Plaintiff argues that this Court should defer to the Copyright Office and declare that Plaintiff's copyright is valid. Doc. 13 at 10. However, case law is clear that a registration issued by the copyright office is only presumptively valid and that the presumption may be challenged. Here, according to the record before this court,[4] Edland submitted an application to the Copyright Office and deposit copies of the two videos he was seeking to register. The application to register the videos and the deposit materials were submitted on December 16, 2020. Doc. 12-1. There is nothing to indicate that the Plaintiff informed the Copyright Office at the time of the application the videos had been published on his personal YouTube channel. Despite there being no indication that he provided this information to the Copyright Office, Plaintiff argues that the Court should defer to the Copyright Office's decision to issue a registration for unpublished works because Plaintiff did not provide evidence to the Copyright Office that the publication had occurred. *Id*. This argument makes no logical sense and would be irrelevant, even if it did.

---

[3] If the Court concludes that Basin's motion should be treated as a motion for summary judgment, then the Court may do so, without further briefing. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150 (8th Cir. 2012) (affirming summary judgment after district court converted motion to dismiss and holding that the court need not give notice to parties of the court's intention to do so).

[4] Plaintiff does not challenge Basin's reliance on Exhibit 1, a screen capture of the Copyright Office's website. *See* Doc. 13 at 6, n2.

Basin does not claim the Plaintiff obtained a registration for an unpublished work, despite the Plaintiff having told the Copyright Office the work had been published. On the contrary, Basin's argument is that the Plaintiff failed to tell the Copyright Office the videos had been published and thus, a registration issued for unpublished works is invalid. *See* Doc. 11 at 4-7.[5] Furthermore, the Copyright Office has stated: "As a general rule, the U.S. Copyright Office will not conduct its own factual investigation to determine whether a work is published or unpublished or to confirm the truth of the statements made in the application concerning publication." Compendium III § 1904.1. The Copyright Office notes that it "will not conduct its own factual investigation to determine whether a work is published or unpublished or to confirm the truth of the statements made in the application concerning publication." *Id*. § 1904.2.  In sum, there is evidence before the Court that shows that the videos had been published on YouTube.com prior to the application to register the copyright as an unpublished work. There has been no showing of evidence that the Copyright Office was informed prior to the registration that the videos were uploaded to a YouTube channel. Thus, Basin has overcome the

---

[5] With apologies to the Court, Basin notes that there is a citation error on page 5 of Basin's opening brief. The citation to Compendium III § 904(5) should have been to Compendium II § 904(5). The appropriate section of current Compendium III is § 1904.3, which relevantly states:

> As a general rule, if the applicant affirmatively states that the work is unpublished or fails to provide a date of first publication in the application, the Office will register the work as an unpublished work, unless the information provided in the deposit copy or in other sources of information known by the Office clearly indicate that the work has been published.

presumption of validity. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 233-34 (S.D.N.Y. 2012) (finding registration for unpublished collection invalid when the collection had been published at the time of the registration); *see also Determined Prods., Inc. v. Koster*, No. C 92-1697 BAC /92-2475 BAC, 1993 U.S. Dist. LEXIS 4586, at *2 (N.D. Cal. Apr. 12, 1993) ("Wrongly identifying a number of published individual works as an unpublished collection is a fundamental registration error, which deprives this court of jurisdiction over the copyright claim.").

Plaintiff next argues that uploading a video to a personal YouTube channel is not "publication." Doc. 13 at 10. In support of the argument, Plaintiff cites to *American Broadcasting Company, Inc. v. Aereo, Inc. Id.* at 10-11. In *American Broadcasting*, the issue before the court was whether Aereo had infringed the plaintiff's performance rights, by providing technology that allowed others to stream on demand plaintiff's content. *ABC, Inc. v. Aereo, Inc.*, 573 U.S. 431, 432 (2014) ("Aereo offers subscribers broadcast television programming over the Internet, virtually as the programming is being broadcast.".) The court never addresses whether uploading a video online constitutes "publication." Indeed, the term publish or any variation thereof does not appear in the decision. The validity of a copyright registration was not in question.

Plaintiff is not providing a streaming service. Instead, he uploaded two videos to YouTube, a service that allows a broad, public dissemination of videos to whomever visits youtube.com. This is, without a doubt, "publishing," as numerous cases have discussed. *See, e.g., Iglesia Ni Cristo v. Cayabyab*, No. 18-cv-00561-BLF, 2019 U.S. Dist. LEXIS 143966, at *5 (N.D. Cal. Aug. 23, 2019) (noting "H2O has published

several videos on YouTube showing some of its members conducting worship services using INC's trademarked and copyrighted materials."); *Equals Three, Ltd. Liab. Co. v. Jukin Media, Inc.*, 139 F. Supp. 3d 1094, 1100-01 (C.D. Cal. 2015) ("On July 16, 2014, Equals Three resumed broadcast and published its episode titled 'The Resurrection' to YouTube."); *Marshall v. Babbs*, No. 2:18-cv-03822-DDP (AFMx), 2019 U.S. Dist. LEXIS 62061, at *2-3 (C.D. Cal. Apr. 10, 2019) ("Plaintiff first published the Marshall work on October 17, 2014 through Plaintiff's YouTube channel under the username 'Kerry Marshall Jr.'"); *Erickson v. Blake*, 839 F. Supp.2d 1132, 1134 (D. Or. 2012) (noting the defendant "published a You-Tube video of a musical work"); *cf Sleep Science Partners v. Lieberman*, No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385, 2010 WL 1881770, at *6 (N.D. Cal. May 10, 2010) (making a website viewable on the internet is publication).

Under 17 U.S.C. § 101, "[t]he offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." As noted in Basin's opening brief, Plaintiff admits in his Complaint he uploaded the two videos he later sought registration for onto his own YouTube channel and that videos uploaded on YouTube are viewed by the general public. Doc. 1 at ¶ 16. As evidenced by the manner in which numerous courts refer to the uploading of a video on YouTube as publication, and based on the language in Section 101, offering a video for the public to view at their option, must constitute publication under the Copyright Act.

Accordingly, Plaintiff has failed to present any facts or legal argument to rebut Basin's claim that the videos were published, and then contrary to the law and the rules and regulations of the Copyright Office, Plaintiff purposefully applied for and received a registration for unpublished works. This is not a simple clerical error, but an error that under Copyright Office regulations, invalidates the registration. Plaintiff simply has no valid copyright registration and therefore, Plaintiff's claim for copyright infringement should be dismissed.

### C.    Basin's Clear Fair Use Defense Should Result in Dismissal

Plaintiff argues that he sufficiently pled claims of copyright infringement and so, this Court should ignore Basin's assertion of fair use. He further argues that his claims embrace more than Basin's recording of the videos to preserve evidence to provide to law enforcement to protect its employees and to defend against claims of discrimination in Basin's decision to terminate his employment. Additionally, he claims that there are issues of material facts as to ways Basin may have infringed his copyright that he has yet to uncover. Finally, he argues that courts seldom find fair use on a motion to dismiss at the pleading stage.

First, while fair use can require a complex factual inquiry, there are numerous instances where courts have considered and found fair use at the pleading stage. *See, e.g., Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539 (1985) (holding that a court may conduct a fair use analysis, as a matter of law, where the facts are presumed or admitted); *see also Brownmark Films, LLC v. Comedy Partners*, 800 F. Supp. 2d 991,

999 (E.D. Wis. 2011) (noting that "in this circuit and others, evaluating fair use issues in the context of a Fed. R. Civ. P. 12(b)(6) motion is commonplace").

For example, in *Bell v. Magna Times, LLC*, No. 2:18CV497DAK, 2019 U.S. Dist. LEXIS 72750, at *15 (D. Utah Apr. 29, 2019), the court granted the defendant's motion to dismiss based on the assertion of a fair use defense. The court weighed the factors of fair use, as set out in Basin's opening brief, and found in favor of the defendant. The court noted that the plaintiff in Bell failed to address the fair use factors, claiming the motion was premature. The court also noted that the plaintiff failed to point to facts that he needed to discover that would counter the fair use argument.

The plaintiff's arguments in *Bell* are very similar to the ones made by Edland. In line with the reasoning in *Bell*, the fact that discovery has not been conducted in this case does not by itself defeat a motion to dismiss for fair use. The Court must look to the facts before it to see if those facts support such a motion. Further, the Plaintiff must do more than speculate that behind closed doors Basin must have done something improper with the videos that violated Edland's copyright. Claims of infringement must be based on something more than mere speculation. *Flack v. Citizens Mem'l'l Hosp.*, No. 6:18-cv-3236-MDH, 2019 U.S. Dist. LEXIS 36327, at *3 (W.D. Mo. Mar. 7, 2019) (granting motion to dismiss and noting: "The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Ashcroft*, 556 U.S. at 678.).

The only facts Edland disputes, along with an unavailing argument that discovery will show facts that are speculative, is a contrived dispute over the term used to refer to the "Order of No Trespass" served on Edland by the Brookings County Sheriff's Office. Basin refers to the document as an "Order of No Trespass," because that was what Deputy Kriese called the document. That is also how the affidavit of service identifies the document. Basin has made no claim that it was an order issued by a court, but only that it was a document served by the Brookings County Sheriff's Office that gave official notice to Edland that he was unwelcome on Basin property (i.e. that he was not to trespass). The document itself was provided to the Court. Edland's dispute about semantics is an irrelevant red herring. Whatever the document is *called*, it *is what it* is: an order of no trespass.  Plaintiff does not dispute the content of the letter or that it was served on him by law enforcement.

Other cases have granted a motion to dismiss at the pleading stage based on the defendant's argument of fair use of the copyrighted material. *See Savage v. Council on American-Islamic Relations, Inc.*, 2008 U.S. Dist. LEXIS 60545, 2008 WL 2951281 at *4-9 (N.D. Cal. 2008) (granting Rule 12(c) motion for judgment on the pleadings based on fair use defense); *Burnett v. Twentieth Century Fox Film Corp.*, 491 F. Supp. 2d 962, 971-72 (C.D. Cal. 2007) (granting Rule 12(b)(6) motion to dismiss based on fair use defense and dismissing copyright infringement claim); *Sedgwick Claims Mgmt. Servs. v. Delsman*, No. C 09-1468 SBA, 2009 U.S. Dist. LEXIS 61825, at *11-12 (N.D. Cal. July 16, 2009) (granting defendant's motion to dismiss plaintiff's claim for copyright infringement based on fair use and further); *Galvin v. Ill. Republican Party*, 130 F. Supp.

3d 1187, 1192 (N.D. Ill. 2015) (noting "a court may conclude as a matter of law that the challenged use [does] or does not qualify as a fair use of the copyrighted work when the facts on record are sufficient to evaluate each of the [fair use] statutory factors" and granting the motion to dismiss based on fair use (internal quotations omitted)).

Accordingly, the Court should grant Basin's motion to dismiss Edland's copyright infringement cause of action for failure to state a claim on which relief can be granted.

### D. Edland Provides no Support for a Claim to Attorney Fees or Statutory Damages under the Copyright Act

Edland concedes, as he must, that he has no claim to attorney fees or statutory damages under the Copyright Act for any alleged infringement that occurred prior to December 16, 2020. But, he then proceeds to misconstrue the law and claim that he can, however, claim attorney fees and statutory damages for acts of infringement that occurred after that date. Doc. 13 at 20. As an initial matter, the complaint makes no allegations that any infringement occurred after December 12, 2020. More significantly, and what Edland fails to appreciate, is that the plain language of the Copyright Act does not support a claim for statutory damages for alleged acts of infringement that occurred after December 16, 2020.

As explained in Basin's opening brief, statutory damages and attorney fees are available only to those plaintiffs who can show that infringement **commenced** before the effective date of registration. Doc. 11 at 14-15 (quoting Section 412 of the Copyright Act). As also explained in Basin's opening brief, courts in the Eighth Circuit will dismiss

11

such a demand when the infringement commenced before the effective registration date, even while the infringing activity continued beyond that date. Doc. 11 at 15 (citing *Heritage Homes, LLC v. Benjamin Custom Homes, LLC*, No. 3:18-cv-271, 2019 U.S. Dist. LEXIS 173381, at *11 (D.N.D. Oct. 7, 2019)). Thus, a key term is the word "commenced."

In *Heritage Homes*, the court notes *Feldhacker v. Giovanti Homes* provides a summary of cases dismissing claims for statutory damages and attorney fees under Section 412 where the alleged infringement commenced before, and continued after, the copyright registration. *Id.* (citing *Feldhacker v. Giovanti Homes*, 173 F. Supp. 3d 828 (S.D. Iowa 2016)). In *Feldhacker*, the court concluded that while the plaintiff conceded it was not entitled to statutory damages and attorney fees for acts of infringement prior to the registration date, "§ 412 also precludes [the plaintiff] from recovery of statutory damages and attorney fees for all [the defendants'] alleged acts of infringement of the [copyrighted work], both before and after the copyright was registered." 173 F. Supp. 3d at 834. The court arrived at this conclusion after a thorough discussion of how several other circuits have come down on this issue and how several district courts in the Eighth Circuit had likewise resolved the issue. *Id*. For example, in *Dutch Jackson IATG, LLC v. Basketball Mktg. Co*., the court noted: "Under section 412, infringement 'commences' when the first act of infringement in a series of on-going discrete infringements occurs. Even when the plaintiff attempts to limit its claim of infringement to events that occurred after registration, § 412 prevents the recovery of statutory damages when the infringement commenced before registration of the copyright and continued after

12

registration. As such, plaintiffs are not entitled to statutory damages and attorneys' fees under 17 U.S.C. § 412(2) as a matter of law and dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate." 846 F. Supp. 2d 1044, 1052 (E.D. Mo. 2012) (internal citations and quotation marks omitted)). In *Embroidery Library, Inc. v. Sublime Stitching, LLC*, the court stated that "the date the alleged infringement of [the] copyrights began is no later than April 2009. The copyright registrations . . . indicate that six of the seven copyrights were registered in May 2009, after the alleged infringement began and more than three months after the dates of first publication of the works. Accordingly, § 412(2) precludes . . . recover[y] [of] statutory damages or attorney fees for the alleged infringement of those six copyrights." No. CIV 09-2766 JNE/AJB, 2010 U.S. Dist. LEXIS 4094, 2010 WL 330321, at *2 (D. Minn. Jan. 20, 2010) (footnotes omitted)).

Here, based on the allegations in the Complaint, Basin's alleged infringement of the videos commenced on July 11, 2020, a date well prior to the effective date of the registration. Any acts of alleged infringement occurring after that day, would still constitute the same act of infringement. Accordingly, the Court should dismiss Edland's demand for statutory damages and attorney fees under the Copyright Act.

      **E.**      **An Alleged Violation of YouTube's Terms and Conditions of Use Does Not Constitute a Violation of the DMCA**

Plaintiff compares the recording of a YouTube video with a cell phone to recording a movie in a movie theatre with a camcorder. Doc. 13 at 23. However, he points to no case law that has concluded such a recording in a movie theater would violate the DMCA. That is because he cannot. While recording a movie in a movie

13

theater with a camcorder (or a cell phone for that matter) might be a violation under the Copyright Act, such activity does not violate the DMCA. Neither does recording a YouTube video with a cell phone.

That is because the DMCA is meant to prohibit the use of technology to circumvent other technological measures put in place by copyright holders or providers to prevent or limit **access** to protected works. Importantly, the technological measure must be put in place to limit or prohibit access to the protected materials. Basin did not circumvent a technological measure put in place to limit access to the video when recording the video with a cell phone.

Edland alleges that Basin "circumvented YouTube's TPMs by using a mobile phone to record the Videos as they played on a computer streaming the Videos on YouTube prior to the Videos being removed from YouTube." Doc. 1 at ¶ 39. Plaintiff defines TPMs as "technological protection measures" used by YouTube to prevent unauthorized copying, recording, and distribution of video content posted by creators. *Id*. at ¶ 15. Plaintiff also alleges the recording of the videos was in violation of YouTube's terms and conditions of use. *Id*. at ¶ 16.

The DMCA, however, does not provide protection against the acts of unauthorized copying, recording, and distribution. Those acts are prohibited under copyright law, but not under the DMCA. Instead, the DMCA's anti-circumvention provision prohibits the unauthorized access to protected works. *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001) (noting the DMCA is aimed at protecting "the efforts of copyright owners to protect their works from piracy behind digital walls such as

encryption codes or password protections"). The DMCA also does not protect against violation of contractual restrictions. *DISH Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012) (dismissing DMCA claim and noting "there is no basis from which the Court can infer that simply moving the [] receiver to an unauthorized location avoided or bypassed a 'digital wall', as opposed to a contractual restriction.").

As further discussed in Basin's opening brief, Plaintiff has failed to plead factual allegations sufficient to show that Basin violated the DMCA.

Plaintiff's reliance on a brief submitted in *Yout LLC v. RIAA* is unavailing. Just because someone else has pled an equally bad claim does not make the claim valid. Regardless, in that case, which is a declaratory judgment action so the normal roles of plaintiff and defendant are reversed, the defendant alleges that plaintiff's services allow the consumer to bypass a "rolling cipher," a technological device the defendant has put in place that allows limited access to streaming videos. The defendant argues in its reply brief to the motion to dismiss, "[o]rdinary consumers cannot use their standard web browsers to turn authorized streams into unauthorized downloads." This is due, according to the defendant, to this rolling cipher. Instead, defendant argues, these consumers must rely on the Yout service to bypass or circumvent that protection and that "in the ordinary course, those users would not have access to the digital sound recording file." Thus, in *Yout LLC*, the technological protection measure purportedly in place limited a user's access. Plaintiff points to no technological protection measure by YouTube that Basin

circumvented by doing something not in the ordinary course that prohibits a user's access to a YouTube video.

The reliance on the *Realnetworks, Inc.* case cited by Plaintiff is equally unavailing. Again, the issue in *Realnetworks* is circumventing technology to access the protected works. *See Realnetworks, Inc. v. DVD Copy Control Ass's*, 641 F. Supp. 2d 913, 935-36 (N.D. Cal. 2009). Plaintiff points to no technological measure YouTube has in place that is circumvented when recording a video. An ordinary consumer with a cell phone can access and record any video on YouTube. There are no technological measures in place that prevent that from occurring. Plaintiff fails to point to any such limitation to access in his allegations against Basin and his only allegation is that Basin copied the video without authorization - a far cry from the facts necessary to support a claim under the DMCA.

## CONCLUSION

Because Plaintiff offers no argument why his claim for common law copyright infringement should be dismissed with prejudiced, Basin will rely on the argument set forth in its opening brief on that issue and the court should grant Basin's requested relief and dismiss Court III with prejudice. Likewise, Plaintiff has made no argument why Basin should not be awarded its fees and costs, as allowed under 17 U.S.C. § 505 of the Copyright Act. As such, Plaintiff has waived his right to object to the requested relief and should the Court rule in Basin's favor, Basin should be awarded its fees and costs and will provide the Court with an accounting at the Court's request. Based on the above

and Basin's opening brief, Basin respectfully requests that the Court fully grant Basin's Motion to Dismiss.

Dated April 6, 2021.

        LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

        */s/ Dana Van Beek Palmer*
        Dana Van Beek Palmer
        Michael L. Luce
        110 N. Minnesota Ave., Ste. 400
        Sioux Falls, SD  57104
        Telephone: (605) 332-5999
        E-mails: dpalmer@lynnjackson.com
                mluce@lynnjackson.com

and

Ruth Rivard (MN#327591) (*admitted PHV*)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 335-1500
Email: ruth.rivard@stinson.com

*Attorneys for Basin Electric Power Cooperative*