UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS EDLAND,<br><br>    Plaintiff,<br><br> vs.<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>    Defendant. | 4:21-CV-04008-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

 Plaintiff, Travis Edland, brought suit against defendant, Basin Electric Power Cooperative, alleging three counts of copyright violations. Docket 1. Basin moves to dismiss the three counts in the complaint and seeks attorneys' fees. Docket 10. Edland opposes the motion in part and asks the court to dismiss Count III without prejudice. Docket 13. For the following reasons, the court grants in part and denies in part Basin's motion to dismiss.

## FACTUAL BACKGROUND

 The facts alleged in the complaint, accepted as true, are as follows:

 Prior to July 11, 2020, Edland was employed at Basin's Deer Creek Station power plant located near Elkton, South Dakota. Docket 1 ¶ 8. Basin terminated Edland's employment on July 11, 2020. *Id.* ¶ 9.

 For many years, Edland has maintained a YouTube channel with videos about his experiences with coyotes. *Id.* ¶ 10. YouTube uses technological protection measures (TPMs) to prevent unauthorized copying, recording, and

distribution of video content posted by creators. *Id.* ¶ 15. Under YouTube's terms of service, users are forbidden from screen-capturing, recording, downloading, or otherwise copying videos posted and streaming on the site. *Id.* ¶ 16.

Before July 11, 2020, Edland posted videos to his YouTube channel that advocated for workplace protections at the Deer Creek Station in response to the COVID-19 pandemic. *Id.* ¶ 11. In these videos, Edland discussed recommendations from the Centers for Disease Control (CDC). *Id.* Two particular videos (the Videos) posted by Edland on or about July 11, 2020, caused Basin to terminate Edland's employment. *Id.* ¶ 12. The first video was about 30 minutes in duration and had a file name of IMG_0599.MP4. *Id.* ¶ 13. The second video was about 37 minutes in duration and had a file name of IMG_0599.MP4. *Id.* Edland removed the videos from public viewing shortly after he posted them to his YouTube channel. *Id.* ¶ 14. On July 11, 2020, Basin, through an employee, used a mobile phone to record the Videos without authorization from Edland or YouTube and in violation of YouTube's terms of service. *Id.* ¶¶ 17-18, 20. Without the use of technology to circumvent YouTube's TPMs, Basin would not have been able to obtain a copy of the Videos absent authorization from Edland. *Id.* ¶ 19. Basin made additional copies, distributed additional copies, and otherwise used, copied, reproduced, performed, and viewed the Videos without Edland's authorization and in violation of Edland's rights. *Id.* ¶ 21.

Edland was and remains the exclusive owner of all copyrights associated with the Videos. *Id.* ¶ 23. His copyrights associated with the Videos are registered with the United States Copyright Office, registration number Pau004055591. *Id.* ¶ 24. Edland's complaint alleges violations of the federal Copyright Act and the Digital Millennium Copyright Act and common law copyright infringement. *See* Docket 1 ¶¶ 22-46.

## LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a claim if the claimant has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks and citation omitted). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008).

**DISCUSSION**

I.  **Consideration of Materials Outside the Pleadings on a Rule 12(b)(6) Motion**

Basin asks the court to consider 4 exhibits in support of its motion to dismiss. Docket 12. The exhibits are: (1) a screenshot of Edland's copyright registration for the Videos, (2) Edland's OSHA complaint, (3) Basin's response to Edland's OSHA complaint, and (4) a letter between counsel discussing, *inter alia*, dismissal of Count III. *See* Dockets 12-1, 12-2, 12-3, 12-4. Edland agrees that exhibit 1 is proper for the court to consider, but he opposes consideration of exhibits 2, 3, and 4.

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.' " *Id.* (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)). Materials that are part of the public record may also be considered by a court in deciding a Rule 12(b)(6) motion. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

Here, exhibit 1 is a screenshot of a public record available online, and it is embraced by the complaint by specific reference to the copyright registration

4

number. Both parties agree as to the document's authenticity and urge the court to consider it. Thus, the court considers exhibit 1 in its analysis of Basin's motion to dismiss.

Basin asks the court to consider exhibits 2, 3, and 4 on the same grounds as exhibit 1. But Basin provides no support for its conclusion that the exhibits are embraced by the pleadings or a matter of public record. As to exhibits 2 and 3, the complaint makes no mention of an OSHA proceeding that occurred after Edland was terminated by Basin. And exhibit 4 is a private letter between counsel that discusses how litigation would proceed after the complaint was filed. Basin relies on Federal Rule of Evidence 201 and asks the court to take judicial notice of the information in exhibits 2, 3, and 4. Docket 11 at 6 n.2; Docket 14 at 3-4. Taking judicial notice of information filed in or attached to an affidavit, though, would create endless exceptions to the limited material the court considers on a motion to dismiss. The discovery and trial processes, not a motion to dismiss, allow the parties a full exchange of information and resolution of questions of fact. Thus, the court will not consider exhibits 2, 3, and 4 when analyzing Basin's motion. And because exhibits 2, 3, and 4 were "presented to [but] excluded by the court," Basin's motion is analyzed under Rule 12(b)(6) and not under Rule 12(d), which converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d); *Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015).

## II.     Count I: Copyright Act – Infringement

In Count I, Edland asserts that Basin infringed on Edland's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 106, when it willfully reproduced, distributed, performed, and displayed the Videos without Edland's authorization. Docket 1 at ¶¶ 26-34. Basin argues that Count I should be dismissed because Edland fails to establish a valid copyright registration as a precondition for an infringement claim. Docket 11 at 7. Basin also argues that its use of the Videos is protected by the fair use defense. *Id.*

### A.     Validity of Copyright Registration

Under the Copyright Act, "no civil action for infringement of the copyright in any . . . work shall be instituted until preregistration or registration of the copyright claim has been made . . . ." 17 U.S.C. § 411(a). A certificate of registration is prima facie evidence of a valid copyright and establishes a rebuttable presumption of validity. *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1042 (8th Cir. 2003) (citing 17 U.S.C. § 410(c)). A certificate of registration is valid, regardless of whether it contains any inaccurate information, unless "inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate" and "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." § 411(b)(1).

Basin argues that Edland's certification of registration is invalid because his application for registration contained inaccurate information and he "should have known" that the information was inaccurate. Docket 11 at 7.

6

Specifically, Basin argues that the Videos were incorrectly registered as "unpublished" works when in fact they had previously been "published" on YouTube. *Id.* at 6-7. But whether the Videos were actually published or unpublished, whether Edland's application contained inaccurate information, and whether he knew the application contained inaccurate information are questions of fact that go beyond the court's Rule 12(b)(6) inquiry.

Here, the complaint states that the Videos are registered with the United States Copyright Office, and exhibit 1 submitted by Basin also indicates that Edland holds a copyright registration in the Videos. This allows the court to draw the inference that Edland has a valid copyright registration for the Videos. Thus, Basin's motion to dismiss Count I based on invalid copyright registration is denied.

**B.     Copyright Infringement**

Basin argues that Edland's copyright infringement claim should be dismissed based on Basin's assertion of the fair use defense. Docket 11 at 8-14. Edland asserts that the complaint states a claim for copyright infringement, and Basin's fair use defense relies on materials not contained in or embraced by the pleadings. Docket 13 at 13-14.

Under 17 U.S.C. § 102, copyright protects "original works of authorship fixed in any tangible medium of expression," including "motion pictures and other audiovisual works." A claim of copyright infringement must establish "ownership of a valid copyright" and "copying of original elements of the work." *Infogroup, Inc. v. DatabaseLLC*, 956 F.3d 1063, 1066 (8th Cir. 2020) (citation

7

omitted); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Section 106 of the Copyright Act states, in relevant part:

> [T]he owner of a copyright under this title has the *exclusive rights* to do and to authorize any of the following:
> (1) to reproduce the copyrighted work in copies or phonorecords
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of . . . motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of . . . the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly[.]

(emphasis added).

Fair use, codified at § 107, is an affirmative defense and a statutory exception to a claim of copyright infringement. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994); *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006). Section 107 states, "the fair use of copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by [§ 106], for purposes such as criticism, comment, news reporting, teaching . . ., scholarship, or research, is not an infringement of copyright." When determining fair use under § 107, the court must consider:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

8

§ 107. When an affirmative defense "is apparent on the face of the complaint . . . [it] can provide the basis for dismissal under Rule 12(b)(6)." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (alteration in original) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)).

Here, the complaint states that Edland had valid copyright ownership of the Videos. The complaint also states that Basin, without Edland's permission or authorization, reproduced, distributed, performed, and displayed the Videos. This allows the court to draw the inference that Basin copied original elements of the Videos. Thus, the complaint states a claim for copyright infringement.

Basin's fair use defense relies on its claim that it "submitted the Videos in response to Edland's OSHA complaint." Docket 11 at 8. Basin also claims that it submitted copies of the Videos "in support of a no trespass order" against Edland. *Id.* But nothing in the complaint itself, or materials embraced by the complaint, mention the OSHA complaint or a no trespass order, or any other instance of fair use by Basin. Because a fair use defense is not apparent on the face of the complaint, it cannot be grounds for dismissal under Rule 12(b)(6).

### III.  Statutory Damages and Attorneys' Fees

Basin argues that the court should dismiss Edland's claim for statutory damages and attorneys' fees for infringement under the Copyright Act. Docket 11 at 14-16. While the Copyright Act provides for both statutory damages and

attorneys' fees, Basin contends that such relief is barred in Edland's case under § 412 of the Copyright Act:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration unless such registration is made within three months after the first publication of the work.

The Eighth Circuit Court of Appeals has yet to analyze the application of § 412 of the Copyright Act. In *Feldhacker v. Homes*, the district court relied on the Fifth Circuit's reasoning that "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration." *Feldhacker v. Homes*, 173 F. Supp. 3d 828, 833 (S.D. Iowa 2016) (quoting *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992)). The court in *Feldhacker* found that the First, Second, Fourth, Sixth and Ninth Circuits have reached the same conclusion. *Id.* at 833-834 (citations omitted).

Here, the date of registration of the Videos is December 16, 2020. This is more than five months after the alleged acts of infringement that Edland states took place on July 11, 2020. Docket 11 at 15-16; Docket 1 ¶ 17. Thus, whether the Videos are published or unpublished works, § 412 bars Edland's recovery of statutory damages and attorneys' fees. *See* 2 Melville B. Nimmer & David Nimmer, Nimmer § 7.16(C)(1)(b)-(c) (Matthew Bender, rev. ed.) (noting that

registration of a published or unpublished work would be "fruitless" to recover statutory damages and attorneys' fees if infringement commenced more than three months before registration).

Edland concedes that the complaint does not state a plausible claim for statutory damages and attorneys' fees for acts of infringement that occurred before December 16, 2020. Docket 13 at 19-20. But Edland argues that the complaint plausibly states a claim for statutory damages and attorneys' fees under the Copyright Act for acts of infringement committed by Basin after December 16, 2020. *Id.* at 20. The complaint states, "[a]fter illegally recording the Videos, [Basin] made additional copies, distributed additional copies, and otherwise used, copied, reproduced, performed (by playing), and viewed the Videos without Edland's authorization and in violation of Edland's rights." Docket 1 ¶ 21. But any subsequent act of infringement by Basin would be an "infringement of the same work." *Feldhacker*, 173 F. Supp. 3d at 833 (quoting *Mason*, 967 F.2d at 144). "A series of repeated acts of infringement is commenced on the date of the first act of infringement, and the individual acts in the series are not deemed to commence on different dates." 18 C.J.S. *Copyrights* § 139 (2021). Because Basin allegedly commenced acts of infringement six months prior to registration, § 412 bars Edland's recovery of statutory damages and attorneys' fees for those acts occurring after, as well as before, December 16, 2020. Thus, Basin's motion to dismiss is granted as to Edland's claim for statutory damages and attorneys' fees under the Copyright Act.

11

## IV. Count II: Digital Millennium Copyright Act - Circumvention

In Count 2, Edland avers that Basin violated the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201(a)(1)(A), when it circumvented YouTube's TPMs to record the Videos. Docket 1 ¶¶ 37-39. The complaint states that Basin "use[d] a mobile phone to record the Videos as they played on a computer streaming the Videos on YouTube . . . all without Edland's permission or authorization." *Id.* ¶ 39.

Section 1201(a)(1)(A) of the DMCA states "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under [title 17, governing copyright]." "Circumvent," as used in § 1201, "means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner[.]" § 1201(a)(3)(A). "[A] technological measure 'effectively controls access to a work' if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." § 1201(a)(3)(B).

Here, the complaint states that YouTube has "many [TPMs] to prevent unauthorized copying, recording, and distribution of video content posted by creators, like Edland." Docket 1 ¶ 17. It also states that Basin bypassed these TPMs when it successfully copied, reproduced, and distributed the Videos, all without Edland's authorization. *See id.* ¶¶ 18-21. This allows the court to draw the inference that Basin circumvented YouTube's technological measures to

12

gain unauthorized access to the Videos. Thus, Edland has plausibly stated a claim for violation of § 1201 of the DMCA.

Basin asserts that Edland's claim in Count II should be dismissed because he fails to identify a specific technological measure that Basin allegedly circumvented. Docket 11 at 18. But requiring specificity goes beyond the requirements of what must be averred in a complaint when evaluated under Rule 12(b)(6).

Basin also argues that "the DMCA creates liability for the act of circumvention, and not for copying." Docket 11 at 16. In support, Basin cites to *Chamberlain Group, Inc. v. Skylink Technologies., Inc.*, 381 F.3d 1178, 1193 (Fed. Cir. 2004). Essentially, Basin argues that infringement, or "copying," and circumvention are not the same thing. *See id.* But in *Chamberlain Group*, the court found that while infringement and circumvention are distinct from each other, an act of infringement can also involve an act of unauthorized circumvention under the DMCA § 1201. *See id.* at 1193-94. Here, the complaint alleges that in addition to acts of copyright infringement, Basin circumvented technological measures in order to gain unauthorized access to the Videos—access that the technological measures would have precluded but for Basin's alleged circumvention. Thus, Basin's motion to dismiss Count II is denied.

**V.     Count III: Common Law – Copyright Infringement**

Basin moves under Rule 12(b)(6) to dismiss Count III, Edland's claim for common law copyright infringement. Docket 11 at 19-20. Edland concedes that

13

Count III should be dismissed and requests that it be dismissed *without* prejudice. Docket 13 at 6 n.2. Basin asserts that it should be dismissed *with* prejudice. Docket 14 at 16.

Motions to dismiss under 12(b)(6) "are generally without prejudice, where there is no evidence of persistent pleading failures." *Finnegan v. Suntrust Mortg.*, 140 F. Supp. 3d 819, 832 (D. Minn. 2015) (citation and internal quotations omitted). When the plaintiff requests dismissal but the defendant has already answered, then under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Here, it appears that Edland intended to voluntarily dismiss Count III before Basin could answer or otherwise respond. *See* Docket 13 at 26. Basin does not point to any improper motive on Edland's part regarding dismissal of Count III, and the court finds none. *See Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 804-05 (8th Cir. 2021). Thus, the court dismisses Count III without prejudice.

**VI.   Attorneys' Fees**

Basin seeks an award of attorney's fees under 17 U.S.C. § 505 "[i]f the Court grants Basin's motion to dismiss at least with respect to Edland's copyright infringement claim." Docket 11 at 21. Because the court denies the motion to dismiss as to Edland's copyright infringement claim, *see supra* section II, the court denies Basin's request for attorneys' fees.

14

**CONCLUSION**

Edland has stated a claim on which relief can be granted as to Counts I and II of his complaint. Basin has established that Edland is not entitled to relief in the form of statutory damages and attorneys' fees as to Count I. And the parties agree that the court should dismiss Count III. Thus, it is

ORDERED that Basin's motion to dismiss (Docket 10) is denied as to Counts I and II, but granted as to statutory damages and attorneys' fees under the Copyright Act.

It is FURTHER ORDERED that Count III is dismissed without prejudice.

Dated July 21, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE