## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS EDLAND, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> BASIN ELECTRIC POWER COOPERATIVE, <br><br> Defendant and Counterplaintiff. | 4:21-cv-04008-KES <br><br><br> **DEFENDANT BASIN ELECTRIC POWER COOPERATIVE'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** |

## ANSWER TO COMPLAINT

Defendant Basin Electric Power Cooperative ("Basin") Answers the Complaint by Plaintiff Travis Edland ("Plaintiff") as set out below. Unless expressly admitted, Basin denies each and every allegation of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

1.     In response to Paragraph 1, Basin incorporates by reference its responses to all allegations asserted by Plaintiff in the Complaint as if fully set forth.

2.     In response to Paragraph 2, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3.     In response to Paragraph 3, Basin admits only that it is a domestic cooperative association with a place of business in the District of South Dakota, Southern Division, is a resident of the District of South Dakota, Southern Division, and that venue

1

is proper in this Court. Basin denies the remaining allegations, including denying that it

or its agents have committed any acts or omissions that would form any basis for liability

towards Plaintiff.

4.      In response to Paragraph 4, Basin admits only that this Court has personal

jurisdiction over Basin. Basin denies the remaining allegations, including the allegation

that Plaintiff has alleged any viable legal claim.

5.      In response to Paragraph 5, Basin admits only that this Court has subject

matter jurisdiction under 28 U.S.C. § 1331, based on allegations brought under the

federal statutes, the Copyright Act and the Digital Millennium Copyright Act. Basin

denies the remaining allegations, including that Plaintiff has any remaining allegations

under state law, as Count III has been dismissed pursuant to this Court's Order.  Basin

further denies diversity jurisdiction under 28 U.S.C. § 1332, or that Plaintiff has alleged

damages of over $75,000.

6.      In response to Paragraph 6, Basin admits only that venue is proper in this

Court. Basin denies the remaining allegations, including denying that it committed any

acts or omissions that would form any basis for liability towards Plaintiff.

## FACTUAL ALLEGATIONS

7.      In response to Paragraph 7, Basin incorporates by reference its responses to

all allegations asserted by Plaintiff in the Complaint as if fully set forth.

8.      In response to Paragraph 8, Basin admits only that Plaintiff had been

employed by Basin at its Deer Creek Station power plant located near Elkton, South

Dakota from October 23, 2011, until his lawful termination on July 11, 2020.

9.     In response to Paragraph 9, Basin admits Plaintiff's employment was terminated on July 11, 2020.

10.     In response to Paragraph 10, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.     In response to Paragraph 11, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12.     In response to Paragraph 12, Basin only admits that it or its agents became aware of videos published by Plaintiff on YouTube that contained vulgar and vile language and violent threats against Basin and Plaintiff's coworkers and that based on those threats of violence, Basin terminated Plaintiff's employment. Basin lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.     In response to Paragraph 13, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

14.     In response to Paragraph 14, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies them.

15.     In response to Paragraph 15, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16.     In response to Paragraph 16, Basin denies that Basin ever posted or removed Plaintiff's videos from YouTube. Basin admits only that a Basin employee recorded Plaintiff's videos on their cell phone to preserve evidence of Plaintiff's behavior and to bring that behavior to the attention of their supervisor and others in leadership at Basin. Basin denies that the recording of a video on a mobile phone violates any technological protection measures that may have been in place. Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17.     In response to Paragraph 17, Basin only admits that its employee recorded the videos with a cell phone to preserve evidence of Plaintiff's threats of violence. Basin denies such a recording required Plaintiff's permission to be lawful.

18.     In Response to Paragraph 18, Basin admits it did not seek Plaintiff's permission to record his threats of violence against his employer and coworkers.

19.     In response to Paragraph 19, Basin denies the actions of its employee violated any of YouTube's technological protection measures. Basin denies recording a YouTube video with a cell phone is "no different than taking a camcorder into a theater to illegally record a movie." Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

20.     In response to Paragraph 20, Basin denies that it or its employee circumvented any technological protection measures in place by YouTube when recording the threats of violence made by Plaintiff. Basin lacks sufficient information as to whether Plaintiff has the authority to allow others to circumvent YouTube's technological protection measures. Basin admits it did not seek Plaintiff's permission to record Plaintiff's threats of violence against his employer and coworkers.  Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them

21.     In Response to Paragraph 21, Basin denies the allegations in Paragraph 21, including denying that the recording of Plaintiff's threats of violence against his employer and coworkers was illegal. Basin further denies that its copying the videos for the preservation of evidence and sending a copy of Plaintiff's threats of violence against his employer and coworkers to the police was in violation of Plaintiff's rights or unlawful.

## COUNT I

22.     In response to Paragraph 22, Basin incorporates by reference its responses to all allegations asserted by Plaintiff in the Complaint as if fully set forth in this response.

23.     In response to Paragraph 23, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.    In response to Paragraph 24, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25.    In response to Paragraph 25, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26.    In response to Paragraph 26, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies them.

27.    In response to Paragraph 27, Basin denies the allegations.

28.    In response to Paragraph 28, Basin denies the allegations.

29.    In response to Paragraph 29, Basin denies the allegations.

30.    In response to Paragraph 30, Basin denies the allegations

31.    In response to Paragraph 31, Basin denies the allegations.

32.    In response to Paragraph 32, Basin denies the allegations.

33.    In response to Paragraph 33, Basin denies the allegations.

34.    In response to Paragraph 34, Basin denies the allegations.

35.    In response to Paragraph 35, Basin denies it has infringed any valid copyright held by Plaintiff.  Basin denies that Plaintiff is entitled to actual or consequential damages.  Basin denies Plaintiff is entitled to statutory damages based on Plaintiff's failure to timely submit an application to register a copyright in the videos.

Basin further denies Plaintiff is entitled to statutory fees based on the Court's order dismissing such claims.

## COUNT II

36.    In response to Paragraph 36, Basin incorporates by reference its responses to all allegations asserted by Plaintiff in the Complaint as if fully set forth in this response.

37.    In response to Paragraph 37, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies them.

38.    In response to Paragraph 38, Basin states that it lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies them.

39.    In response to Paragraph 39, Basin denies the allegations.

40.    In response to Paragraph 40, Basin denies the allegations.

41.    In response to Paragraph 41, Basin denies the allegations.

42.    In response to Paragraph 42, Basin denies it has violated the DMCA and further denies that Basin's actions damaged Plaintiff in any manner.  Basin denies that Plaintiff is entitled to damages, actual or statutory, and further denies Plaintiff is entitled to attorney fees or costs.

## COUNT III

[Dismissed by Court Order]

In response to Plaintiff's request for relief, Basin denies the allegations that Basin's actions were in violation of the Copyright Act or the DMCA and further denies Basin infringed any of Plaintiff's legal rights. Basin denies any of its actions or any actions by its agent(s) have unlawfully caused Plaintiff harm. Plaintiff's prayer for judgment and relief should be denied.

### DEFENSES

1.    Plaintiff has failed to state a claim for which relief can be granted as to Count I and Count II. Count III has been dismissed by Court order.

2.    Plaintiff's copyright registration that forms the basis for his copyright infringement claim is invalid under 17 U.S.C. § 411(b)(1). Plaintiff falsely claimed the videos were unpublished when obtaining a copyright registration from the Copyright Office for unpublished works, knowing that the videos had been published on YouTube prior to the application for the registration, prior to the issuance of the registration, and prior to the initiation of this lawsuit.

3.    Basin's copying of the videos to preserve evidence of Plaintiff's threatening behavior and the related use of the videos to alert law enforcement of Plaintiff's violent threats, to justify the termination of Plaintiff in an OSHA proceeding, and to use as the basis for the service of an order of no trespass on Plaintiff, were all permissible activities under the doctrine of fair use.

4.    Any infringement by Basin was innocent and not willful.

5.     Plaintiff has failed to plead any demonstrable monetary loss he suffered as a result of the alleged infringing activity.

6.     Plaintiff has suffered no actual damages based on Basin's copying and use of the videos.

### COUNTERCLAIM BY BASIN ELECTRIC POWER COOPERATIVE

Defendant and Counterplaintiff Basin Electric Power Cooperative ("Basin") states the following for its Counterclaim against Plaintiff and Counterdefendant Travis Edland ("Counterdefendant").

### NATURE OF THIS COUNTERCLAIM

1.     This is an action involving allegations of infringement of a registered copyright. Accordingly, this Court has authority to determine the validity of the registration of the asserted copyright. 17 U.S.C. § 411(b)(2).

2.     Basin brings this Counterclaim seeking a declaration from this Court invalidating the federal copyright registration that forms the basis for claims of infringement asserted by Counterdefendant, registration number PAu004055591 ("Videos Registration").

### PARTIES

3.     Counterplaintiff Basin is a not-for-profit, consumer owned cooperative with more than 140-member cooperative systems. Basin's headquarters are in Bismarck, North Dakota, with facilities throughout the upper Midwest, including its Deer Creek Station facility in Elkton, South Dakota.

4.      Counterdefendant had been employed at Basin's Deer Creek Station facility from October 23, 2011, until his termination on July 11, 2020.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331, and pursuant to original jurisdiction for any civil action arising under the federal Copyright Act, 17 U.S.C. §§ 101 et seq.

6.      This is also an action for declaratory relief under 28 U.S.C. § 2201 in that an actual controversy exists between the parties. Counterplaintiff seeks a judicial determination that the registration for the copyright asserted against Basin is invalid pursuant to 17 U.S. Code § 411(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400 because a substantial part of the events giving rise to Counterplaintiff's claims occurred in this judicial district and because Counterdefendant resides in this district.

## FACTS SUPPORTING COUNTERCLAIM

8.      On or around July 11, 2020, Counterdefendant posted two videos on his YouTube channel in which each he makes violent and threatening remarks against Basin, Basin's CEO, and fellow co-workers at Basin ("Videos").

9.      After viewing the Videos, and noting the Counterdefendant's threatening assertions towards others at Basin, on or around July 11, 2020, a Basin employee recorded the videos on his cell phone to preserve evidence of the Counterdefendant's behavior. The employee promptly provided copies of the Videos to Basin.

10.    Basin determined the threats of violence made by the Counterdefendant evidenced by the Videos were in violation of Basin employment policies, including Basin's Prohibition of Workplace Violence policy. As a result, and to protect the other Basin employees, on July 11, 2020, Basin terminated the Counterdefendant's employment

11.    Basin shared copies of the Videos with the Brookings County Sheriff's Office, which resulted in the Sheriff's Office serving the Counterdefendant, on July 14, 2020, with a No Trespass Order, restraining him from entering Basin's property.

12.    On or around August 7, 2020, Basin referred to and attached as exhibits, copies of the Videos in Basin's Response to the Counterdefendant's complaint filed with the Occupational Safety and Health Administration ("OSHA). In that complaint, the Counterdefendant had alleged his termination was due to discriminatory employment practices and not due to his violent and threatening behavior evidenced by the Videos. OSHA dismissed the Counterdefendant's challenge to his termination in its Findings on March 17, 2021, concluding the Counterdefendant failed to show his termination was retaliatory.

13.    On or around December 16, 2020, long after the activities by Basin described above, the Counterdefendant submitted an application to register the Videos with the U.S. Copyright Office.  In the application, despite knowing the Videos had been the posted and viewed on his YouTube channel, Counterdefendant asserted that the Videos were unpublished works.

14.    The copyright registration that issued for the Videos based on his assertions to the Copyright Office were for unpublished works.

15.    The allegation against Basin of copyright infringement is based solely on the Videos Registration for unpublished works, registration number PAu004055591.

## COUNTERCLAIM
## INVALIDATION OF COPYRIGHT REGISTRATION NO. PAU004055591

16.    Basin incorporates by reference each and every allegation set forth above.

17.    Counterplaintiff seeks a declaration and factual finding that the Videos Registration is invalid.

18.    Under 17 U.S.C. § 101, "Publication" of a work "is the distribution of copies [] of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies [] to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."

19.    Posting the Videos on YouTube was a publication of the Videos under the Copyright Act.

20.    The Counterdefendant failed to comply with the requirements of registering published works and instead registered the works as a group of unpublished works.

21.    Had the Counterdefendant accurately identified the Videos as published works in his application, the registration for a group of unpublished works would have been denied by the Copyright Office.

22.     The Counterdefendant procured the Videos Registration through one or more knowing inaccuracies or misrepresentations made to the Copyright Office.

23.     The Copyright Office would not have issued the Videos Registration but for the Counterdefendant's inaccuracies or misrepresentations.

24.     Basin seeks a declaration by the Court that the Videos Registration was the product of the Counterdefendant's knowingly submitting inaccurate information to the Copyright Office.

25.     Pursuant to 17 U.S.C. § 411(b), Basin requests the Court refer this issue to the Register of the Copyright Office for a determination that, had the Counterdefendant provided accurate information about posting the Videos on YouTube in his application, the Copyright Office would have refused to issue the Videos Registration and the Video Registration should be invalidated.

26.     Basin seeks a declaration from this Court that the Videos Registration is invalid or unenforceable and instructing the registration be cancelled.

## RELIEF REQUESTED

Accordingly, Defendant and Counterplaintiff Basin requests the Court:

A.     Declare U.S. Copyright Registration No. PAu004055591 is invalid or unenforceable and that Plaintiff and Counterdefendant Edland secured such registration by knowingly providing the Copyright Office with inaccuracies in his application to register the Videos;

B.     Enter judgment in Basin's favor and against Plaintiff and Counterdefendant Edland on all asserted claims; and

13

C.     Award Basin all just and proper relief, including its attorneys' fees and costs pursuant to 17 U.S.C. § 412 and for the dismissal of Count III, and any other relief the Court deems just and appropriate.

Dated August 4, 2021.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

*/s/ Michael L. Luce*
Michael L. Luce
Dana Van Beek Palmer
110 N. Minnesota Ave., Ste. 400
Sioux Falls, SD  57104
Telephone: (605) 332-5999
E-mails: mluce@lynnjackson.com
          dpalmer@lynnjackson.com

and

Ruth Rivard (MN#327591) (*pro hac vice*)
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 335-1500
E-mail: ruth.rivard@stinson.com

*Attorneys for Basin Electric Power Cooperative*