UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS EDLAND,<br><br>        Plaintiff,<br><br>vs.<br><br>BASIN ELECTRIC POWER COOPERATIVE,<br><br>        Defendant. | 4:21-CIV-04008-KES<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Plaintiff Travis Edland ("Edland") submits this Memorandum of Law in Support of Motion for Leave to Amend Complaint. The factual background and allegations set forth below are taken from the Complaint and proposed Amended Complaint attached to Edland's Motion for Leave to File Amended Complaint.

## BACKGROUND

Edland previously worked for Defendant Basin Electric Power Cooperative ("Defendant") at its plant in South Dakota near Edland's home. During the early stages of the COVID-19 pandemic, Edland was appropriately and reasonably concerned for his personal health and safety coming to work at Defendant's facility, which had adopted inadequate precautions to prevent the spread of COVID-19 in the workplace. Defendant's practices and procedures were contrary to the requirements of the Occupational Safety and Health Administration ("OSHA"), the recommendations of the Centers for Disease Control, and common sense. As a result, Edland began making videos about his frustrations, concerns, and recommendations, and posting the videos to his YouTube channel. As Defendant continued to

1

callously respond to the pandemic and Edland's advocacy for safe practices, Edland's frustrations and concerns intensified.

When Edland's concerns for the safety of himself and his coworkers reached a peak, he recorded two videos on July 11, 2020 ("the Videos"), and uploaded them to YouTube subject to YouTube's technological protection measures ("TPMs") preventing viewers from downloading or copying the Videos. Defendant used a mobile device to record the Videos, without Edland's permission, and thereafter forwarded copies of the Videos dozens of times. On July 11, 2020, Defendant terminated Edland's employment.

In the original Complaint, Edland asserted the following three causes of action against Defendant related to the Videos: (1) circumvention of TPMs in violation of the Digital Millennium Copyright Act ("DMCA"); (2) copyright infringement under the Copyright Act; and (3) common law copyright infringement. Defendant filed a motion to dismiss the Complaint, and the Court ruled as follows: (1) the motion as to the DMCA claim was denied; (2) the motion as to the Copyright Act claim was granted in part and denied in part, leaving open certain remedies under the Copyright Act; and (3) the motion as to common law copyright infringement was granted, as Edland intended to dismiss the claim.

The motion to amend pleadings deadline is December 3, 2021. Edland requests leave from the Court to file the Amended Complaint attached to his motion, as Defendant has refused to consent to the filing. Edland seeks to add a claim for wrongful discharge related to Defendant's unlawful termination of his employment on July 11, 2020. As set forth in more detail in the Amended Complaint, Defendant terminated Edland's employment in violation of the anti-retaliation provisions in the Occupational Health and Safety Act of 1970 ("the OSH Act"). The OSH Act prohibits employers from firing employees for engaging in protected activities,

such as advocating for a safe workplace. While Section 11(c) of the OSH Act allows workers to file workplace safety and retaliation complaints with the Department of Labor ("the Department"), it results only in an investigation with, at best, the investigation resulting in the Department bringing an action against the violating employer. But no private right of action or adjudicative process is allowed under the OSH Act for victims of retaliation. Edland seeks to bring a common law claim for wrongful discharge, because Defendant fired Edland in retaliation for engaging in protected activities in violation of public policy and the OSH Act.

Defendant opposes Edland's motion for leave to amend based on the doctrine of futility, claiming: (1) a *res judicata* effect of Edland's retaliation complaint to the Department and its subsequent investigation; and (2) failure to state a claim for wrongful discharge. Justice requires leave to be freely granted in this situation, particularly since Defendant's futility argument lacks merit.

## **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) states: "The court should freely give leave when justice so requires." In *Foman v. Davis*, the United States Supreme Court reversed the District Court's refusal to grant leave to file an amended complaint, and reasoned as follows:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. 178, 182 (1962); *see also Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (applying same *Foman* standard).

Edland seeks leave to assert an additional claim for wrongful discharge. Under the standard set forth in *Foman*, this Court should grant Edland leave to file the Amended Complaint. Justice requires leave to be granted as a subsequent civil action for wrongful discharge might not be available due the potential factual interrelatedness of the claims. *Res judicata* or collateral estoppel presents a risk to Edland regarding his ability to bring a claim for wrongful discharge in a second civil action. Absent leave to amend, Edland might not be able to pursue his wrongful discharge claim. On the other hand, the only plausible justification for not granting leave is the doctrine of futility, which Defendant asserts. However, Edland's wrongful discharge claim is not futile, and Defendant will suffer no prejudice from the timely amendment.

1. ***The Department investigation has no res judicata effect.***

Edland's retaliation complaint to the Department and resulting investigation under the OSH Act – regardless of outcome – cannot have a *res judicata* effect on a claim for wrongful discharge. Edland filed a § 11(c) OSHA complaint for retaliation which triggered an investigation by the Secretary of the Department ("the Secretary"). The Secretary sent a letter regarding the result of the Department's investigation and offered the parties an opportunity to appeal to the Director of the Whistleblower Protection Program. But the Director only reviews whether the Department's investigation was conducted adequately. Ultimately, the Department's investigation (including the outcome after an appeal to the Director) results in one of two outcomes: the Department brings a retaliation action against Defendant or the Department declines to act. The OSH Act retaliation complaint process is well-explained in *Casmento v.*

4

*Volmar Constr., Inc.*, No. 20-CV-0944 (LJL), 2021 WL 1062343, at *4 (S.D.N.Y. Mar. 19, 2021).:

> The Act does not provide for a judicial or quasi-judicial officer, a hearing, the opportunity to call witnesses, or the right of the complainant to confront the witnesses against him. The function of the Secretary is purely investigative. The Secretary's determination that there has been a violation does not result in an adjudication; it is a step precedent to the Secretary bringing an action in federal court where a hearing is held. See id. The complainant does not have a private right of action on her own under OSHA and, as a matter of administrative procedure, a complainant who is disappointed by the investigator's determination has no right to judicial review.
>
> Moreover, as a matter of OSHA administrative procedure, a complainant is not a party to the investigation and has no right to call witnesses, no opportunity to take discovery or to subpoena documents or testimony, and no right to confront the witnesses against her or even necessarily to know their identities. See OSHA Whistleblowers Investigations Manual 3-22 ("It is unnecessary and improper to reveal the identity of witnesses interviewed. The complainant should be advised that OSHA does not reveal the identity of witnesses who request confidentiality."). Plaintiff did not have the opportunity to take discovery or examine witnesses. There was no hearing, no administrative law judge, and no procedure similar to that in court.

In *Casmento*, the court denied the defendants' motion to dismiss based on the same *res judicata* futility argument raised by Defendant here:

> Defendants' motion fails on both res judicata and collateral estoppel grounds. Both doctrines apply only to "administrative agencies acting in an adjudicative capacity." *Greenberg v. Bd. of Governors of the Fed. Rsrv. Sys.*, 968 F.2d 164, 168 (2d Cir. 1992). "[I]f the administrative proceeding has not been of an adjudicative nature, a decision arrived at by the administrative agency cannot have res judicata effect.... An action taken by an administrative agency ... is not an adjudicated action unless the agency has made its decision using procedures substantially similar to those employed by the courts." *Delamater v. Schweiker*, 721 F.2d 50, 53 (2d Cir. 1983) (citing Restatement (Second) of Judgments § 83 (1982)). Thus, where there is "no hearing, no subpoenaed evidence, no argument, no opportunity to test any contention by confrontation ... [t]he doctrine of administrative res judicata thus ha[s] no application." *Id.* at 54; accord *United States ex rel. Kirk v. Schindler Elevator Corp.*, 926 F. Supp. 2d 510, 520-21 (S.D.N.Y. 2013); see also *Metromedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992) ("[E]ven if the issues in the two proceedings are identical, a decision by an administrative agency cannot be the basis for collateral estoppel unless it was an adjudicative decision.").

*Casmento*, 2021 WL 1062343, at *4. Accordingly, Defendant's *res judicata* futility argument lacks merit.

Likewise, South Dakota law does not support a conclusion that Edland's complaint to the Department and its subsequent investigation – regardless of outcome – has a *res judicata* effect on the wrongful discharge claim he asserts in the Amended Complaint.

> This court applies four factors in determining whether res judicata is applicable: (1) Whether the issue decided in the former adjudication is identical to the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties in the two actions are the same or in privity; and (4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication.

*Springer v. Black*, 520 N.W.2d 77, 79 (S.D. 1994) (citing *In re Guardianship of Janke,* 500 N.W.2d 207, 208–09 (S.D. 1993); *Moe v. Moe,* 496 N.W.2d 593, 595 (S.D. 1993) (additional citations omitted). None of the four factors is met in this case.

After Edland lodged his OSH Act § 11(c) retaliation complaint, the Secretary received written responses and documents. None of the following procedures were used as part of the investigation: depositions; under-oath testimony; cross-examination; an evidentiary or other hearing; involvement of an administrative law judge; or an opportunity for judicial review. *See also Casmento*, 2021 WL 1062343, at *4 (describing investigation process). The Secretary considered the limited information provided and issued a letter regarding the result of the Department's investigation recommending no action be taken. Edland requested the Director to review the Secretary's decision not to act. Edland is unaware of any decision by the Director. All four *res judicata* factors are absent. *Springer*, 520 N.W.2d at 79.

First, even if the issue of retaliation in violation of the OSH Act is similar, the issue determined is not identical and there was no "adjudication." The issue decided was whether the Department would commence its own retaliation action against Defendant. The issue presented

by Edland's wrongful discharge claim is whether Defendant's termination violated public policy. While there is some factual similarity, the issues are not "identical" as required by *Springer*. Moreover, there was simply an investigation which, to date, has not resulted in the Department bringing an action against Defendant. The investigation is not an adjudication, because nothing was adjudicated in a judicial or quasi-judicial setting with features akin to a court. *See Casmento*, 2021 WL 1062343, at *4; *see also* Black's Law Dictionary (defining adjudication as involving a court or court-like proceeding).

Second, there was no final judgment on the merits, because: the investigation is still pending; there was no judgment (at most, there was a decision by the Department not to commence its own action); and whether Defendant retaliated against Edland was not decided on the merits.

Third, the acting parties are not the same. While Edland lodged the OSH Act § 11(c) complaint, the only parties directly involved with action are the Department (either filing an action or not) and Defendant (either being the subject of a Department action or not).

Fourth, Edland did not have a full or fair opportunity to litigate the issue of retaliation. Depositions, testimony, cross-examination, an evidentiary hearing, a judge (or ALJ), and judicial review were all absent from the investigation. There was no litigation at all, let alone a full and fair opportunity to litigate.

For all of these reasons, Edland's wrongful discharge claim is not futile based on a *res judicata* argument. Accordingly, the Court should grant Edland leave to file the Amended Complaint.

### 2. *Edland's Amended Complaint states a valid claim for relief.*

Edland states a valid claim for relief in the wrongful discharge claim in the Amended Complaint. "It is well settled that 'a cause of action for wrongful discharge arises on behalf of an employee where an employer's motivation for termination contravenes a clear mandate of public policy.' But '[t]o state a cause of action under this exception, the employee must plead and prove that a substantial public policy may have been violated.'" *Harvey v. Regional Health Network, Inc.*, 2018 S.D. 3, P 49, 906 N.W.2d 382 (internal citations omitted). While no South Dakota case has addressed specifically whether a wrongful discharge claim can be based on a termination in violation of the OSH Act's anti-retaliation provisions, at least two Eighth Circuit cases support such a claim. *See, e.g., Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894 (8th Cir. 2004); *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 475 (8th Cir. 1990).

"In the absence of a conflict between state and federal policies, federal statutory and constitutional law may provide the policy basis for a wrongful termination claim. While the claim is a state law cause of action, there is no requirement that the public policy basis for the cause of action be derived solely from state law. Rather, federal law . . . may supply an alternative public policy basis for a wrongful termination claim." *See Sources of the public policy exception*, Cal. Civ. Prac. Employment Litigation § 6:24. Many cases hold that public policy based on federal statutes or regulations can serve as the basis for state law or common law wrongful discharge claims. *See, e.g., Green v. Ralee Eng. Co.*, 960 P.2d 1046, 1060-61 (Cal. 1998) (Federal Aviation Act); *Grant-Burton v. Covenant Care, Inc.*, 122 Cal. Rptr. 2d 204, 214-16 (Cal. Ct. App. 2002) (National Labor Relations Act); *Chance v. Kraft Heinz Foods Co.*, 2018 WL 6655670, at * 12 (Del. Super. Ct. Dec. 17, 2018) (the OSH Act); *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 289 (Pa. 2000) (the OSH Act); *Faulkner v.*

*United Tech. Corp.*, 693 A.2d 293, 298 (Conn. 1997) (federal law); *Ditto v. Am. Airlines, Inc.*, 1995 WL 153367 (N.D. Ill. 1995) (Federal Aviation Act); *Smuch v. Nat'l Mgmt. Corp.*, 540 N.W.2d 669, 672-73 (Iowa Ct. App. 1995) (federal law); *Flenker v. Willamette Indus., Inc.*, 967 P.2d 295 (Kan. 1998) (the OSH Act); *Wheeler v. Catepillar Tractor Co.*, 485 N.E.2d 372 (Ill. 1985) (Nuclear Regulatory Commission); *Phipps v. Clark Oil & Ref. Corp.*, 408 N.W.2d 569 (Minn. 1987) (Clean Air Act); *Walt's Drive-A-Way Serv., Inc. v. Powell*, 638 N.E.2d 857, 858 (Ind. Ct. App. 1994) (federal law); *MacDougall v. Wichert*, 677 A.2d 162, 167 (N.J. 1996) (same); *Brandon v. Anesthesia & Pain Mgmt. Assoc.*, 277 F.3d 936, 942-43 (7th Cir. 2002) (same); *Johnson v. World Color Press, Inc.*, 498 N.E.2d 575 (Ill. App. Ct. 1986) (same); *Peterson v. Browning*, 832 P.2d 1280, 1285 (Utah 1992) (same).

Edland's wrongful discharge claim set forth in the Amended Complaint states a valid claim for relief.

## CONCLUSION

The Amended Complaint asserts that Defendant fired Edland because he engaged in protected activities – advocating for a safe working environment – in violation of the OSH Act's anti-retaliation provisions. The claim is not barred by *res judicata* based on the Department's investigation of Edland's complaint, regardless of the ultimate outcome of the investigation. Likewise, being fired for engaging in activities protected by the OSH Act states a valid claim for wrongful discharge. Accordingly, Defendant's sole basis for refusing to consent to leave to file the Amended Complaint – futility – lacks merit. Justice requires granting leave to the file the Amended Complaint. Edland respectfully acts this Court to grant him leave to file the Amended Complaint so the circumstances of his employment discharge can be decided by a jury.

Dated at Sioux Falls, South Dakota, this 2nd day of December, 2021.

                    DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

*/s/ Mitchell Peterson*

Mitchell Peterson
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

10